UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| Ayfer Yalincak,<br>    *Petitioner*, <br><br>    *v.*<br><br>United States of America,<br>    *Respondent.* | Civil No. 3:09cv2104 (JBA)<br><br><br>May 28, 2010 |
|---|---|

RULING ON PENDING MOTIONS

Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), *pro se* Petitioner Ayfer Yalincak commenced this action seeking either a writ of error *coram nobis* or a writ of *audita querela*, arguing that she is entitled to such relief because the Government breached her plea agreement and because counsel in her previous action, which she brought under 28 U.S.C. § 2255, ineffectively assisted her by failing to include the breach-of-plea-agreement claim in that action. (Petition [Doc. # 1].) Petitioner thereafter amended her petition to include a claim for relief under the *habeas corpus* statute, 28 U.S.C. § 2241. (Am. Petition [Doc. # 18].)

Now pending in this case are three motions by Petitioner for various forms of relief, and four procedural motions by the Government. Petitioner seeks to consolidate this action with the action that her son and co-defendant Hakan Yalincak commenced under § 2255 (Ptr.'s Mot. Consolidate [Doc. # 3]), an appointment of counsel (Ptr.'s Mot. Appt. Counsel [Doc. # 4]), and a temporary stay of removal in light of the expiration of a previous stay of removal that the Second Circuit had issued (Ptr.'s Mot. for Temp. Stay of Removal [Doc. # 24]). The Government has filed three motions for leave to file replies to Petitioner's submissions (Gov't's Mot. to File Supplement [Doc. # 16]; Gov't's

Mot. Ext. Time to File Surreply [Doc. # 19]; Gov't's Mot. to File Surreply [Doc. # 21]), and has also moved to transfer this action to the Second Circuit on the grounds that it is in substance Petitioner's second motion under § 2255 (Gov't's Mot. to Transfer [Doc. # 15]). The Government has filed the responses it sought leave to file, and its motions to do so out of time [Doc. ## 16, 19, 21] will be granted *nunc pro tunc.*

For the reasons that follow, the Court construes this action as Petitioner's second or successive motion under § 2255, and will transfer it to the Second Circuit pursuant to 28 U.S.C. §§ 2244(b)(3)(A) and 2255(h).

I.   Procedural History

On June 15, 2005, Petitioner and Hakan Yalincak were indicted for conspiracy to commit wire fraud and wire fraud, in violation of 18 U.S.C. §§ 371 and 1343; thirteen months later Petitioner pleaded guilty to conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371, and on March 19, 2007, she was sentenced to 24 months' incarceration (with credit for time served in pretrial detention) to be followed by a three–year term of supervised release. In November 2007, after Petitioner completed her term of incarceration, she was taken into custody by United States Immigration and Customs Enforcement ("ICE"). On January 16, 2008, Immigration Judge Michael Straus held a hearing and entered an Order of Removal against Petitioner, to which she is presently subject. Two months later, on March 18, 2008, Petitioner, representing herself, moved under 28 U.S.C. § 2255 to vacate, set aside, or correct an illegal sentence, raising four claims: (1) selective prosecution; (2) unlawful inducement to enter a guilty plea; (3) withholding favorable evidence; and

(4) denial of the opportunity to appeal her conviction. *See Ayfer Yalincak v. United States*, No. 3:08cv412(JBA). The Court denied her motion on July 21, 2008. Petitioner thereafter twice moved for reconsideration, asserting claims that the Government breached her plea agreement and that the Court had denied her and her counsel an opportunity to amend her pleadings to raise the breach-of-plea-agreement claim. The Court adhered to its conclusion that Petitioner's claims were procedurally defaulted because she never appealed her criminal conviction or sentence, and it also held, on re-reconsideration, that the breach-of-plea-agreement claim had no legal merit. *See Yalincak v. United States*, 3:08cv412(JBA) (D. Conn. May 28, 2010) (Ruling on Motion for Clarification and Reconsideration [Doc. # 37]).

II.   Discussion

In this action Ayfer Yalincak again claims that the Government breached her plea agreement by failing to notify ICE of her cooperation, and also asserts that her counsel, Bernard Grossberg, provided ineffective assistance of counsel by failing to amend her § 2255 motion to include the breach-of-plea-agreement claim. She seeks a new immigration hearing or vacatur of her conviction, and has styled this action a petition for a writ of error *coram nobis*, a writ of *audita querela*, or a writ of *habeas corpus* pursuant to § 2241. None applies here.

Writs of error *coram nobis* are abolished in civil cases, *see* Fed. R. Civ. P. 60(e), but remain available in a criminal case as a means to challenge a conviction. However, "[c]oram nobis is essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction and therefore cannot pursue direct or collateral relief by means of a writ of habeas

3

corpus." *Fleming v. United States*, 146 F.3d 88, 89–90 (2d Cir. 1998); *see also United States v. Hatten*, 167 F.3d 884, 887 n.6 (5th Cir. 1999) (noting that a defendant's motion could not be treated as writ of error coram nobis where he was in custody when the motion was filed). Petitioner is currently serving a term of supervised release that has not yet concluded.[1] Because Petitioner is on supervised release, she is "in custody" for purposes of *habeas corpus*, *see Scanio v. United States*, 37 F.3d 858, 860 (2d Cir. 1994) ("[T]he habeas corpus statute confers jurisdiction to district courts to entertain habeas petitions for relief solely from persons who satisfy the status or condition of being 'in custody' at the time the petition is filed, and a petitioner under supervised release may be considered 'in custody.'"), and therefore the writ of error *corum nobis* is not available to her.

The writ of *audita querela* is a "writ available to a judgment debtor who seeks a rehearing of a matter on grounds of newly discovered evidence or newly existing legal defenses." *Black's Law Dictionary* 150 (9th ed. 2009). Although the writ of *audita querela* was also abolished in civil matters, *see* Fed. R. Civ. P. 60(e), and "few courts ever have agreed as to what circumstances would justify relief under [this] old remed[y]," *Triestman v. United States*, 124 F.3d 361, 380 n.24 (2d Cir. 1997), it "might be deemed available if its existence were necessary to avoid serious questions as to the constitutional validity of both § 2255 and § 2244." *United States v. Richter*, 510 F.3d 103, 104 (2d Cir. 2007) (citing *Triestman*, 124 F.3d at 380 n.24). It "is probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the

---

[1] The term of supervised release will conclude either in November 2010 or November 2011. (*See* Am. Petition at 2 & n.2 (suggesting three–year term may have been stayed until she was released from ICE's physical custody in November 2008).)

4

conviction and that is not redressable pursuant to another post–conviction remedy." *United States v. LaPlante*, 57 F.3d 252, 253 (2d Cir. 1995); *see also United States v. Valdez–Pacheco*, 237 F.3d 1077, 1079 (9th Cir. 2001) (noting that the writ "survive[s] only to the extent that [it] fill[s] 'gaps' in the current systems of postconviction relief"). "[A] writ of audita querela is not available to a petitioner when other remedies exist, such as a motion to vacate sentence under 28 U.S.C. § 2255." *United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002) (internal quotation omitted); *Valdez–Pacheco*, 237 F.3d at 1080 ("We agree with our sister circuits that a federal prisoner may not challenge a conviction or a sentence by way of a petition for a writ of audita querela when that challenge is cognizable under § 2255.")

Procedures other than a writ of *audita querela* are available for Petitioner to seek relief for the breach-of-plea-agreement and ineffective-assistance-of-counsel claims that she now asserts. In fact she did raise the breach-of-plea-agreement claim in her action commenced under § 2255, and the Court's rejection of this claim on the merits essentially operates as a rejection of Petitioner's ineffective-assistance-of-counsel claim, since its lack of merit demonstrates that Petitioner will be unable to show that "'but for counsel's unprofessional errors [in failing to assert the breach-of-plea-agreement claim], the result of the proceeding would have been different.'" *See, e.g., United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004) (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984), in reciting standards governing claims of ineffective assistance of counsel). Petitioner has made no showing of gaps or the unavailability of procedures to obtain post–conviction relief, which she must in order to justify a writ of *audita querela*. "Indeed, to allow a petitioner to avoid the bar

5

against successive § 2255 petitions by simply styling a petition under a different name would severely erode the procedural restraints imposed under 28 U.S.C. §§ 2244(b)(3) and 2255." *Torres*, 282 F.3d at 1246. The writ of *audita querela* is unavailable to Petitioner.

Finally, in her amended petition, Yalincak seeks relief under 28 U.S.C. § 2241. Individuals in federal custody "challenging the legality of their convictions or sentences must proceed by way of motion pursuant to 28 U.S.C. § 2255, with § 2241 petitions generally reserved for challenges to 'the *execution* of a federal prisoner's sentence.'" *Cephas v. Nash*, 328 F.3d 98, 103 (2d Cir. 2003) (quoting *Jiminian v. Nash*, 245 F.3d 144, 146–47 (2d Cir. 2001), emphasis in *Jiminian*). Section 2255(e) does include a "savings clause" that allows § 2241 petitions where "the remedy by motion [pursuant to § 2255] is inadequate or ineffective to test the legality of [her] detention." The Second Circuit has explained that so long as "the claim the prisoner seeks to raise was previously available on direct appeal or in a prior § 2255 motion," the fact that she has already filed a § 2255 motion does not render § 2255 "inadequate or ineffective, such that a federal prisoner may file a § 2241(c)(3) petition." *Jiminian*, 245 F.3d at 147–48. The grounds Petitioner seeks to assert here—ineffective assistance of counsel and breach of a plea agreement—are grounds for § 2255 motions because they support claims to "the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).[2] This fact is underscored by the Court's rejection of the merits of these

---

[2] *See, e.g.*, *United States v. Hertular*, 562 F.3d 433, 451 (2d Cir. 2009) (explaining that the defendant's claim of ineffective assistance of counsel is more appropriately raised on a motion brought under 28 U.S.C. § 2255"); *Schweitzer v. United States*, 384 F. App'x 601, 602 (3d Cir. 2009)

claims, on reconsideration, in the action Petitioner commenced under § 2255. Because Yalincak had available an adequate remedy in the form of a motion under § 2255, relief under § 2241 is now unavailable to her.

The writs for which Yalincak petitions are unavailable, and she asks that this Court "vacate the judgment of conviction in [her criminal case] due to breach of the Agreements by the Government."  (Am. Petition at 12.)  This relief is properly sought by motion under § 2255, and "when presented with a § 2241 petition raising previously available claims appropriately the subject of a § 2255 motion, district courts should construe the petition as a second or successive § 2255 motion and transfer it to [the court of appeals] for certification, so long as the prisoner had a prior § 2255 motion dismissed on the merits." *Jiminian*, 245 F.3d at 148 (citing 28 U.S.C. § 2244(a)). Because in this action Petitioner re-raises claims made in support of her earlier § 2255 motion and again seeks vacatur of her sentence, the Court construes it as a second § 2255 motion.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to include a gatekeeping provision under which a second or successive motion under § 2255 must first be "certified as provided in section 2244 by a panel of the appropriate court of appeals," 28 U.S.C. § 2255(h), and Section 2244, in turn, requires that "[b]efore a second or successive

---

(holding that defendant's "claims . . . premised on the alleged breach of a plea agreement" "are, in effect, collateral attacks on his convictions," which "must be brought via habeas corpus," and that "it would have been pointless for the District Court to construe the complaint as a [second] § 2255 motion because the District Court would have lacked jurisdiction to entertain it without our having authorized its filing" pursuant to "AEDPA's stringent gatekeeping requirements for second or successive § 2255 motions").

application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application," 28 U.S.C. § 2244(b)(3)(A).  Because this action presents in substance Yalincak's second motion under § 2255, this Court may not consider it unless it is certified by the Second Circuit.  The Government's motion to transfer it to that court will therefore be granted.

III.    Conclusion

For the reasons set forth above, the Government's Motion to File Supplement to its Motion to Transfer [Doc. # 16], Motion for Extension of Time to File a Response to the Amended Petition [Doc. # 19], and Motion for Leave to file Supplemental Reply to the Amended Petition [Doc. # 21] are GRANTED *nunc pro tunc*, and the Government's Motion to Transfer to the Second Circuit [Doc. # 15] is GRANTED.  Because this Court may not consider the matter unless certified by the Second Circuit, Petitioner's Motions to Consolidate [Doc. # 3], for Appointment of Counsel [Doc. # 4], and for a Temporary Stay of Removal [Doc. # 24] are DENIED without prejudice to renew before the Second Circuit or upon that court's certification.

The Clerk is directed to transfer this action to the Court of Appeals for the Second Circuit.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 28th day of May, 2010.